AMOS T. GRIFFIN

*v.*

HERVEY W. BOOTH, Receiver.

*Filed at Mt. Vernon October 22, 1894.*

MECHANIC'S LIEN—*contract waiving lien for materials—construction.* A sub-contractor agreed with the owner of the building and with the receiver of the original contractor to waive his lien for materials, the waiver to be "without prejudice to the right claimed (which is disputed by the receiver) to be paid in full out of the amounts in the hands of the receiver, etc., to the same extent as if said lien had remained undischarged, the decision of which is left to the further order of the circuit court," etc.: *Held,* this contract did not mean that the lien thus waived should attach to the funds in the receiver's hands, so as to entitle the sub-contractor to payment in full in the distribution by the receiver.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Messrs. DUNCAN & GILBERT, for the plaintiff in error.

Mr. WILLIAM R. PAGE, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

Some time in 1890 the Wight Fire Proofing Company entered into a contract with one Charles C. Heisen to furnish and put in the fire proofing for a building he was erecting in Chicago, known as the Manhattan Building, and the Wight company contracted with Griffin, the plaintiff in error, to furnish it the fire proofing material for that purpose. On March 14, 1891, Griffin, being satisfied he was being unfairly dealt with, commenced an action of replevin against the company in the circuit court of Cook county, to recover possession of the material that had been shipped by him and that had not yet been used in the building. The writ was served on the defendant therein, and the sheriff delivered possession of the material to Griffin, but the latter failed to retain the actual physical possession or to keep a custodian in charge.

On March 17, on a bill filed in the court below, the defendant in error was appointed receiver for the company. He found the employees of the company using the replevied material, and he thereupon took it into his possession, and used it in the construction of the building. After he had thus taken possession of it, on March 25 he and Griffin agreed that Griffin's right of possession and ownership should be adjudicated in the replevin suit, and that the receiver would hold a sufficient amount from the payments to be made by Heisen for work to be done by the receiver on the building, subject to the final determination of the court in the replevin suit, should it find he was entitled to the possession and ownership of said material. At the time the receiver was appointed there was unpaid and owing to Griffin, from the company, for material furnished for the Manhattan Building, in all,

$6356.69. There was a balance due the company from Heisen of $5203.85, and the unused material furnished by Griffin, and which he replevied, amounted to $1152.84. On March 23 Griffin served upon Heisen a mechanic's lien notice. Subsequently, and about the 20th of April, the receiver and Griffin's attorney agreed that Griffin's rights under the replevin suit might be submitted to and tried by the court in the receivership suit. On the 23d of June, 1891, Heisen, Griffin and the receiver entered into an agreement in writing, containing the following :

"This agreement witnesseth, that in consideration of the release by said Amos T. Griffin of said claim of lien upon the said Manhattan Building, which is hereby done, the said C. C. Heisen agrees to pay to the said Amos T. Griffin the sum of $5203.85, which payment shall be in full of all demands due by said C. C. Heisen to the said Wight Fire Proofing Company, to March 17, 1891. This agreement, however, is to be without prejudice to the right claimed by said Amos T. Griffin (which is disputed by the receiver) to be paid in full, out of the amounts in the hands of Hervey W. Booth, receiver, any balance of indebtedness owing to him by the Wight Fire Proofing Company for material furnished by him to said company, to the same extent as if said lien had remained undischarged, the decision of which is left to the further order of the circuit court, under whose order said Hervey W. Booth is the duly appointed receiver of said Wight Fire Proofing Company, having been appointed March 17, 1891."

In pursuance of this agreement Heisen paid Griffin the sum of $5203.85, leaving due him, as the value of the materials for the recovery of which the replevin suit had been instituted, the sum of $1152.84. For the purpose of securing the payment of this last mentioned sum, Griffin filed in the court below his intervening petition, in which he set up his various dealings and agreements with the company and its receiver, and claimed the right to payment in full for the replevied material out of the moneys

collected by the receiver from Heisen. The receiver answered the petition, denying Griffin's right to any preference over the general creditors of the company.

The master to whom the petition was referred made his report, finding that Griffin was entitled to be paid the sum of $1152.84 from the funds in the hands of the receiver which came from Heisen on account of the Manhattan Building. Exceptions being filed to this report by the receiver, the court, upon hearing, sustained them, and entered an order dismissing the petition without prejudice to Griffin's right to come in and receive a dividend upon his claim out of the estate, in common with the other creditors of the company. The Appellate Court having affirmed that decree, the case is now brought to this court by writ of error.

There could be no serious contention that such a petition will lie in this State unless it could be maintained under our statute providing for a mechanic's or materialman's lien. Speaking of proceedings under that statute, in the case of *Belanger et al.* v. *Hersey et al.* 90 Ill. 70, we said : "The statute which gives a mechanic a lien is in derogation of the common law, and must receive a strict construction, and no person can obtain a lien under it unless a clear compliance is shown with the requirements of the statute." It is not pretended that any such compliance, or even an attempt to do so, is shown in this case. It is conceded, however, as we understand, that plaintiff in error's right to the relief sought by his petition must rest solely upon the foregoing agreement. His counsel contend that, by the terms of that agreement, whatever lien he had upon the Manhattan Building prior thereto was transferred to the money paid by Heisen, the owner of the building, to the receiver. If it be admitted that such a contract, if made, would be binding upon other creditors, so as to entitle the parties to have it enforced in a court of equity, to their prejudice, we are unable to see how it can be seriously contended that the

agreement is susceptible of such a construction.    The agreement between the parties was for the release of plaintiff in error's claim of lien upon the building, and that the money paid by the owner should be in full of all demands against him by the Wight company, with the stipulation that such agreement should not prejudice the claim set up in this petition,—that is to say, that if the claim was valid it should not be rendered invalid by it. So far from the receiver agreeing to a transfer of any lien from the building to funds in his hands, it is expressly stated that he disputed the claim of plaintiff in error, which was not to be prejudiced.    Without, in effect, saying that an agreement that a claim shall not be prejudiced amounts to an agreement that it is valid, (and that, too, where it is expressly stated that it is disputed,) it is impossible to extract from this contract an agreement on the part of the receiver that any lien of plaintiff in error should be transferred to funds in his hands.    If the parties intended any such thing they wholly failed to express it in their agreement.

There being no statute upon which the petition could be based, and no agreement of parties sustaining it, the circuit court was clearly right in its decree disallowing it.

The judgment below will be affirmed.

*Judgment affirmed.*